IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02525-RM-KLM

SMOKE IT UP BARBEQUE, LLC, a Colorado limited liability company,

    Plaintiff,

v.

KINGFISHER KOOKERS, INC., an Oklahoma corporation,
SHAWNEE IRON COMPANY, LLC, an Oklahoma limited liability company,
CANAAN GARDNER, an individual,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Unopposed Motion to Stay Proceedings Pending Finalization of Settlement Agreement** [#21][1] (the "Motion"). Defendants do not oppose to the Motion. *Motion* [#21] at 1.

In the Motion, Plaintiff seeks a sixty-day stay of all matters in the case, including discovery, to allow the parties to finalize "all details of the settlement of this matter." *Id.* On October 25, 2013, Plaintiff also filed a Notice of Settlement [#23] and the Court entered a Minute Order vacating the Scheduling Conference and ordering the parties to file dismissal papers on or before December 24, 2013 [#24].

"[T]he power to stay proceedings is incidental to the power inherent in every court

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.*" Id.* at 254-55.  Although a stay of proceedings in a case is generally disfavored in this District, a stay may be granted in appropriate circumstances. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis*, 2012 WL 6153513, at *1 (granting stay of proceedings).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2

(citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay would not prejudice Plaintiff, as Plaintiff is the party requesting the stay. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, it appears Defendants will not be burdened by a stay because they do not oppose the Motion. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the parties finalize their settlement agreement. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED** to the extent it seeks a stay. Accordingly,

IT IS FURTHER **ORDERED** that the case is **STAYED** until **December 24, 2013**.

Dated: October 28, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge